IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ismail Dickerson, | ) | C/A No.: 2:10-2303-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| The Ninth Judicial Circuit Court; Honorable Judge R. Markley Dennis, Jr.; Charleston County Public Defenders Office; Public Defender Ashley Pennington; and Public Defender Benjamin C. Lewis, | ) | |
| Defendants. | ) | |

Plaintiff, Ismail Dickerson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Charleston County Detention Center (CCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants a State Court, State Judge, the Charleston County Public Defender's Office and two Public Defenders.

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.       Factual Background

Plaintiff states that, in 1999, a "conflict of interest" was "established in Court with the Public Defenders Office, and myself." Compl. at 3. Plaintiff further claims that "[t]hroughout the years during many different arrest[s], it's been a[n] ongoing struggle because the Public Defenders Office continue[s] to force their representation upon me." *Id.* In 2007 and 2008, Plaintiff filed "motions to relieve counsel, such as the Public Defenders Office, and both times these Public Defenders brought me in front of Honorable Judge R. Markley Dennis, Jr." *Id.* Judge Dennis denied Plaintiff's motions, which Plaintiff claims effectively forced him to represent himself. *Id.* Plaintiff states that the charges from 2007 and 2008 "were dismissed/nol pros[sed]." *Id.*

In April of 2009, Plaintiff was charged with armed robbery and detained at CCDC. *Id.* at 4.[1] Plaintiff "received a legal visit from a Public Defender name[d] Benjamin C. Lewis" on May 28, 2009. *Id.* Plaintiff informed Defendant Lewis that "my family is trying to obtain a[n] attorney, but at this time 'yes' I do prefer to be conflicted from your office." *Id.* He claimed that, "two days later, on May 30, 2009, [he] received a legal visit from Chief Public Defender Ashley Pennington," whom Plaintiff alleges "began attempting to force [him] to use their representation." *Id.* Plaintiff states that he "made a motion for a conflict of interest" on June 10, 2009; however, Plaintiff continued to

---

[1] Plaintiff alleges that he "was assaulted and badly injured by officers," resulting in Plaintiff's hospitalization "for over a week." *See* Compl. at 4. However, Plaintiff does not name any of the officers allegedly responsible for this assault and appears to offer this information solely for the purpose of explaining his recent association with the Defendants named in this Complaint.

receive visits from Charleston Public Defender's Office attorneys. *Id.* at 5. Plaintiff alleges that the "Public Defenders continued to go against me and still had my preliminary hearing, getting my case sent to the Grand Jury and never requested for bond modification." *Id.*

Plaintiff had a hearing before Judge Dennis on June 17, 2009, whom he alleges "again conspired with the Public Defenders Office, in their act of vengence [sic] for past incidents" by issuing an order appointing the Public Defender's Office as Plaintiff's counsel. *Id.* at 6. Plaintiff believes the "Public Defenders after this hearing then made deals with the Solicitor's Office for co-defendants['] charges to be dropped to a lesser offense . . . for their testimony against [him]." *Id.* Finally, Plaintiff complains that the "Public Defenders had this Judge Dennis to Order a Mental Evaluation against [Plaintiff]." *Id.* at 7. Plaintiff was deemed competent to stand trial. Plaintiff now seeks monetary damages for the Defendants' "illegal and misrepresentation." *Id.* at 7–8.

II.  Discussion

   A.  Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a District Court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where

3

the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, an attorney, whether

4

retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). In the instant pleading, Plaintiff complains of actions taken by the Charleston County Public Defender's Office, Public Defender Lewis, and Chief Public Defender Pennington, which actions are associated with these defendants' representation of the Plaintiff during his state criminal proceedings. As such, these defendants are not considered "state actors" amenable to suit under § 1983. Therefore, defendants Lewis, Pennington, and the Charleston County Public Defender's Office should be summarily dismissed from this action.

The Complaint also names the Ninth Judicial Circuit Court and Judge R. Markley Dennis, Jr., as defendants in this case. However, these two defendants are immune from Plaintiff's claim for damages under § 1983. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. *See* S.C. Const. art. V, § 1. *See also City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989); *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975). As South Carolina state court judges are part of the State's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S.

349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); and *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). In the instant action, Plaintiff complains of decisions made by Judge Dennis as the presiding judge in hearings related to Plaintiff's criminal case. As such, Judge Dennis is protected, by absolute judicial immunity, from Plaintiff's suit for damages under § 1983. Therefore, Judge Dennis is entitled to summary dismissal from this action.

The Ninth Judicial Circuit Court is likewise protected from suit by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is

irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as the Ninth Judicial Circuit Court, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). Thus, the Ninth Judicial Circuit Court should also be summarily dismissed from the instant action.

III. Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

October 6, 2010
Florence, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**